# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-SA-00765-COA

**GREGORY CONSTRUCTION SERVICES, INC.**          **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF FINANCE AND**         **APPELLEES**
**ADMINISTRATION; THE BUREAU OF**
**BUILDING, GROUNDS AND REAL PROPERTY**
**MANAGEMENT; AND MISSISSIPPI STATE**
**VETERANS AFFAIRS BOARD**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2021 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GRAHAM PATRICK CARNER |
| ATTORNEY FOR APPELLEES: | WILSON DOUGLAS MINOR |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/09/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. In 2015, Gregory Construction Services, Inc. (Gregory) was denied a construction bid despite being the lowest bidder. The Bureau of Building, Grounds and Real Property Management (BOB), an arm of the Mississippi Department of Finance and Administration (DFA), and the Mississippi State Veterans Affairs Board (MSVAB) determined that Gregory's bid was non-responsive for failing to include the one-page Federal VA Debarment Form required by the grant application. The Mississippi Public Procurement Review Board (PPRB) affirmed the state agencies' decision, as did the Hinds County Circuit Court.

Gregory appealed, arguing that its due process rights were violated and that the agencies' decision was arbitrary and capricious. Finding no error, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. In May 2015, the BOB solicited bids for the construction of the North Mississippi Veterans Memorial Cemetery in Kilmichael, Mississippi. The project was mostly funded by the United States Department of Veterans Affairs' Veterans Cemetery Grants Program (Federal VA). The Federal VA required that the MSVAB submit the application for its grant by May 29, 2015.

¶3. The BOB held a pre-bid conference to explain to the bidders the instructions for the bids. The bidders were informed that they had twenty-four hours after the bids were opened to protest the results. Separate from the standard bid requirements, the bidders were expressly told that the Federal VA required a special Debarment Form for the bid to be considered complete. The form was a single-page document that verified that the bidder was not debarred, suspended, or otherwise ineligible to work on Veterans Administration-funded projects, requiring a single signature to complete it. While the Debarment Form was emphasized as a necessary component in the bids, the form itself was not included in the bid instructions or checklist but in a separate supplement.

¶4. The BOB received five bids for the cemetery project, and they were publicly opened on May 28, 2015, at 2:00 p.m. While Gregory's bid was the lowest, it did not include the Debarment Form as required by the Federal VA.[1] Only one company, Malouf Construction,

---

[1] Gregory's bid was $456,783 less than Malouf Construction, LLC's bid.

LLC (Malouf), included the form, and Malouf was selected as the best, responsive bidder. Gregory alleges that there was no indication by those present at the bid opening that Gregory's bid was non-responsive. Correspondence among employees of the DFA, MSVAB, and the project's architect show that the agencies were aware that Gregory did not include the Debarment Form but opted to wait for the twenty-four-hour protest period to end rather than inform Gregory of its non-responsive bid.

¶5.    On May 29, 2015, after the protest period had ended, the BOB submitted the grant application for the cemetery project to the Federal VA to meet its deadline. Gregory became aware that its bid was non-responsive due to the absence of the Debarment Form on June 1, 2015. On June 2, 2015, Gregory sent a written protest to the BOB and included the signed Debarment Form, arguing that the form was a mere informality and could be waived and that Gregory should have been granted the project as the lowest bidder. The BOB rejected Gregory's protest as untimely because the protest fell outside the twenty-four-hour protest period. Furthermore, the BOB found the protest was without merit since the Debarment Form was a required component of the bid. Gregory argued that the decision was arbitrary and capricious and violated its due process rights.

¶6.    On June 9, the BOB informed Gregory it would recommend that the contract be awarded to Gregory if the Federal VA agreed that the Federal Debarment Form could be waived as an irregularity. However, the BOB was informed by the MSVAB that the form could not be waived and that attempting to resubmit the form would render the project non-viable. On June 10, the BOB notified Gregory that the Federal VA did not support the

3

reversal and that Malouf would be awarded the contract.

¶7.    Gregory requested a hearing before the PPRB. The PPRB made a de novo review and found that the BOB's decision to reject Gregory's bid was not arbitrary or capricious. Gregory appealed to the Hinds County Circuit Court, which affirmed the PPRB's decision, finding in addition that Gregory was not denied due process. Gregory appealed, and the case is now in front of this Court.

## STANDARD OF REVIEW

¶8.    "The standard of review this Court employs when reviewing an administrative agency's decision is to determine whether the judgment (1) was supported by substantial evidence; or (2) was arbitrary or capricious; or (3) was beyond the power of the lower authority to make; or (4) violated some statutory or constitutional right of the complaining party." *Miss. State Port Auth. at Gulfport v. Eutaw Const. Co.*, 340 So. 3d 303, 310 (¶15) (Miss. 2022). This Court must not reweigh the facts or substitute its own judgment for that of the agency. *Id.*

## DISCUSSION

¶9.    Gregory claims that this Court should reverse the DFA's decision to award Malouf the cemetery project contract because Gregory was denied due process and because the decision was arbitrary and capricious.

### I.    Due Process

¶10.    Gregory claims it was denied due process in two ways. First, Gregory argues that it was prevented from lodging a proper bid protest within the twenty-four-hour window due

to a lack of notice of its bid defect and willful concealment of that information by the state agencies. Next, Gregory claims that the June 9 correspondence in which the BOB stated that it would recommend Gregory as the lowest bidder to the Federal VA essentially gave Gregory a vested property interest in the contract as the primary bidder.

¶11.    Gregory's first argument deals with procedural due process. "A two-step analysis is required in analyzing procedural due process claims: (1) does the plaintiff have a property interest entitled to procedural due process protection; and (2) if yes, what process is due?" *Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen*, 968 So. 2d 938, 944 (¶25) (Miss. 2007) (internal quotation marks omitted). The record shows that Gregory fails at the first step. Gregory was not awarded the contract, so no property interest vested. Merely having the lowest bid does not grant the bidder a property interest. *Id.* at (¶22).

¶12.    Gregory argues that it was entitled to notice that its bid was incomplete but cited no rule or statute that supports the contention. The BOB had broad discretion to deny any bid that did not meet the requirements of the project, and it provided all the bidders notice of those requirements. While Gregory claims that the state agencies willfully kept the information that Gregory's bid was non-responsive, the record does not reflect the same. The emails showed that the BOB knew that only one company had submitted a responsive bid and that it was waiting for the twenty-four-hour protest period to end before submitting the proposal to the Federal VA. However, the BOB was under no obligation to reach out to Gregory to inform it of its non-responsive bid. The agencies' internal correspondence does not demonstrate any bad faith in their actions.

¶13. Gregory's second argument regarding due process is also not persuasive. Gregory alleges that it was awarded the contract based upon the June 9 email correspondence, and therefore a property interest vested. The June 9 email stated:

> The BOB is going to recommend Gregory for award as low. The MSVAB already submitted its "package" to the Federal VA on Friday, May 29th after the 24 hour protest period had elapsed. If the Feds will agree with us that the form at time of bid, although clearly required by the bid documents, can be waived as an irregularity and accepted prior to award, we can move forward with award to Gregory.

This email is not an award of the contract. It was clear that the Federal VA had to agree to waive the form so that the award to Gregory "can move forward." The MSVAB determined the next day that the form could not be waived and that re-sending the application would risk losing the federal funding entirely.

¶14. Despite Gregory protesting the bid after the twenty-four-hour period had closed, the BOB still reconsidered its bid, which ultimately the BOB had to deny. Furthermore, Gregory was provided a de novo review of its concerns by the PPRB. The circuit court did not err in finding no violation of Gregory's right to due process.

## II. Arbitrary and Capricious

¶15. Gregory argues that the decision to award the bid to Malouf was arbitrary and capricious because the VA Debarment Form could be waived as a technical requirement, and by not waiving it, the BOB went against its own procedures.

¶16. "An agency action is arbitrary or capricious if it 'entirely failed to consider an important aspect of the problem, or offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a

6

difference in view or the product of agency expertise.'" *Donovan v. City of Long Beach*, 104 So. 3d 166, 169 (¶12) (Miss. Ct. App. 2012) (quoting *Citizens Ass'n for Responsible Dev., Inc. v. Conrad*, 859 So. 2d 361, 365 (¶7) (Miss. 2003)).

¶17. Gregory's first argument fails on the merits. Although only a page long, the VA Debarment Form was classified as a mandatory form for the bid to be complete. Furthermore, without the form, the Federal VA would not have accepted the construction proposal. The BOB had substantial evidence to support its decision to award the contract to Malouf over Gregory.

¶18. Similarly, Gregory's second argument is not supported by the record. The BOB's manual gives the agency the discretion to reject any bid that does not meet the bid's requirements. Gregory refers to guidelines for the BOB's Director and Assistant Director that state: "[m]inor irregularities in a bid may be waived if the irregularity does not . . . [v]iolate [a]ny[,] [s]tatutory [p]rovisions[,] . . . [d]estroy [c]ompetition[,] . . . [a]ffect [t]he [p]rice [o]f [t]he [b]id[,] [or] [g]ive [o]ne [b]idder [a]n [a]dvantage [o]ver [a]nother[.]" However, these guidelines are not a part of the BOB's official policies and procedures. They are a list of general criteria to determine whether a bid irregularity will render the bid non-responsive. Furthermore, they are permissive and do not require the BOB to waive an irregularity when it exists. Therefore, we affirm the circuit court's ruling on this issue.

## CONCLUSION

¶19. Gregory claimed that it was denied due process and that the state agencies' decision was arbitrary and capricious. Because Gregory was never awarded the contract, a property

7

interest was never vested, so due process considerations did not apply. Also, the decision by the state agencies was supported by substantial evidence and reasoning. Therefore, we affirm the circuit court's order affirming the state agencies' decision to deny Gregory's bid.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING.**